# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4195 | **DATE** | 6/24/11 |
| **CASE TITLE** | U.S. ex rel. Ramon Williams (#K-72472) vs. Warden Nedra Chandler, et al | | |

**DOCKET ENTRY TEXT:**

The petitioner is granted thirty days in which either to pay the $5.00 filing fee or file a petition for leave to proceed *in forma pauperis*. The Clerk is directed to send the petitioner an application to proceed *in forma pauperis*. The petitioner is further ordered to show good cause in writing why his amended habeas petition should not be dismissed as time-barred. Failure within thirty days of the date of this order to: (1) either submit a properly completed and certified petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) show good cause in writing will result in summary dismissal of the amended petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The petitioner is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]     **Docketing to mail notices.**

# STATEMENT

   Ramon Williams, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 1999 convictions on one count of first degree murder and one count of attempted first degree murder on the ground that he was sentenced to consecutive sentences rather than concurrent.

   Although the Clerk of Court has accepted the petition for docketing pursuant to Rule 5(d)(4) of the Federal Rules of Civil Procedure, the petitioner has neither paid the $5.00 filing fee nor filed a petition for leave to proceed *in forma pauperis*. If the petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or, in the alternative, file an *in forma pauperis* application complete with a certificate from a prison official stating the amount on deposit in the prisoner's trust account. The Clerk is directed to send the petitioner an *in forma pauperis* application. If the petitioner fails either to pay the filing fee or file a fully completed application to proceed without prepayment of costs and fees within thirty days, the Court will summarily dismiss this action.

   Additionally, the petitioner is ordered to show good cause in writing why his amended petition for a writ of habeas corpus should not be dismissed as untimely.

   Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

**(CONTINUED)**

AWL

court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review ... is pending shall not count toward any period of limitation...." 28 U.S.C. § 2244(d)(2).

The petitioner filed a direct appeal which was completed when his petition for leave to appeal to the Illinois Supreme Court was denied on December 5, 2001. *See* the petitioner's petition, *and see People v. Williams*, 197 Ill.2d 583 (2001). The petitioner pleads in his petition no collateral proceedings attacking his conviction and sentence, so his limitations period ran on December 5, 2002. The petitioner further pleads that he brought a post conviction petition to vacate his sentence pursuant to 735 ILCS 5/2-1401 on July 21, 2008, five and one half years later. That petition was finally adjudicated when the Illinois Supreme Court denied the petitioner's petition for leave to appeal on January 26, 2011. The petitioner seems to be arguing that this federal habeas petition is timely, because he is seeking relief for the denial of the 2-1401 petition.

The petitioner is mistaken. The petitioner's 2008 petition to vacate pursuant to 735 ILCS 5/2-1401, did not trigger a new limitations period. By the time the petitioner sought collateral review, the one-year limitation period for seeking federal habeas review had already expired. Whether or not the State entertained the post-conviction petition and decided it on the merits, the subsequent state proceedings did not restart the "federal clock" after the statute of limitations had already extinguished any right to federal habeas review. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009).

The petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus would therefore appear to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997). Accordingly, the petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred. Failure to show cause within thirty days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

In short, the petitioner shall, within thirty days of the date of this order: (1) either submit a properly completed and certified petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) show good cause in writing why his petition for relief is not untimely. If the petitioner fails to comply with this order, his petition shall be dismissed.